## INJURY TO A TENANT THROUGH HER OWN NEGLIGENCE.

Circuit Court of Summit County.

SARAH A. DAWSON V. FRANK A. SEIBERLING.

Decided, October 11, 1909.

*Landlord and Tenant—Personal Injuries—Landlord Not Liable, When.*

A tenant of part of a building can not recover damages against her
     landlord for personal injuries received by her from the falling
     over upon her of a heavy radiator standing unfastened to anything
     in a common hallway of the building, where the evidence points
     more strongly to her own negligence than to any other cause of the
     accident.

*Musser, Kimber & Huffman,* for plaintiff in error.
*Slabaugh, Seiberling & Huber,* contra.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

The plaintiff in error rented lodgings in the building of the
defendant in error.   She left her apartment and came out into
the common hallway, the control or custody of which the defend-
ant retained, and attempted to shut the front door in order to
bar out a dog which annoyed her by barking and running in and
out of her apartment.   A radiator weighing about 200 pounds
stood on the floor back of the open door; it was three or four feet
high and one foot broad at its base; it was not fastened to the
floor or wall.   The door was sometimes held open by a brick.
After the accident it appeared that someone had tied it open by
a cord attached to the knob and to the radiator, at least the
broken parts of such cord were found after the accident, one
part tied to the knob and the other part to the radiator.   Some-
how the radiator fell over while the plaintiff in error was trying
to move the obstruction, whatever it was, and her ankle was
caught and crushed thereunder.   A verdict for the defendant
below (defendant in error here) was directed at the close of
plaintiff's evidence.   We think there was no error in this ruling.
The plaintiff in error wishes us to take the view that the radia-
tor was so dangerous a thing, when left standing upon its base

unfastened, as to make the question of negligence in so leaving it a matter for the jury to decide, particularly in view of the possibility that the door knob might somehow engage with it in such a manner. as to pull it over when the door was closed. We do not take this view. A radiator of this description is not in so unstable equilibrium as to fall over without some force being exerted to push or pull it over and the possibility of the knob of the door engaging with the radiator, or the door itself, when open, pushing it over against the wall in such manner that when the door was closed it would not merely recover its upright position, but balance over in the opposite direction, and so fall to the floor, is a speculation too remote to require submission to a jury. Moreover it is reasonably evident that the plaintiff in error, supposing that the door was obstructed by a brick on the floor, when in fact it was tied to the radiator, exerted such force in trying to shut the door as to pull the radiator over. This, at least, seems to us to be the most reasonable supposition from the evidence.

It does not appear that the defendant in error was in any way responsible for the door being thus tied, if it was tied. The judgment below is affirmed.